**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4233**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE J. ADAMS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (CR-03-285)

─────────────

Submitted:  June 27, 2005            Decided:  July 25, 2005

─────────────

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

─────────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

─────────────

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Richmond, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Terrance J. Adams was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). At sentencing, the district court determined by a preponderance of the evidence that Adams possessed the firearm in connection with another felony offense and applied enhancements based on facts not established by the jury's verdict. Adams was sentenced to the statutory maximum of 120 months in prison followed by three years of supervised release.

On appeal, Adams does not challenge his conviction but contends the district court committed Sixth Amendment error under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), at sentencing "by increasing the guideline range under a mandatory Guidelines system based upon facts not found by the jury beyond a reasonable doubt at trial." Because Adams did not object to his sentence in the district court based on Blakely or Booker, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). While we affirm Adams's conviction, we vacate his sentence because it was greater than that authorized by the facts established by the jury's verdict, and we remand the case for resentencing in accordance with Booker.[*]

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Adams's sentencing.

- 2 -

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000) and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br><u>VACATED AND REMANDED IN PART</u>

---

<u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").